UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOESEPH SOUTHWELL and JERRY BLAND,<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGE INVESTORS CORPORATION OF OHIO, INC.,<br><br>Defendant. | CASE NO. C13-1289 MJP<br><br>ORDER ON MOTION TO ENFORCE PROTECTIVE ORDER AND FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFFS' COUNSEL SHOULD NOT BE HELD IN CONTEMPT |

THIS MATTER comes before the Court on Defendant's Motion to Enforce Protective Order and for an Order to Show Cause Why Plaintiffs' Counsel Should Not Be Held in Contempt. (Dkt. No. 150.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No. 170), Defendant's Reply (Dkt. No. 175), and all related papers, and having heard oral argument on August 13, 2014, the Court hereby GRANTS the Motion in part and denies it in part and ORDERS Plaintiffs' counsel held in contempt.

**Background**

The Parties in this Telephone Consumer Protection Act case stipulated to a protective order on September 30, 2013, and the Court entered it on October 3. (Dkt. No. 29.) The Protective Order covers the following "confidential" categories of information:

    a) Documents evidencing, comprising, or discussing MIC's training, marketing, guidelines, manuals, instructions, or policies regarding its business;
    b) Telephone calling records or other records reflecting the calling activity at issue;
    c) Records reflecting personal information of existing and potential customers;
    d) Records reflecting personal information of MIC's employees;
    e) Documents containing MIC's financial information; [ . . . ]
    f) Documents evidencing, comprising, or discussing MIC's proprietary software or internal systems; [and]
    g) Plaintiffs' personal information, including, but not limited to, Plaintiffs' financial records and medical records[.]

(Dkt. No. 29 at 2.) In accordance with Local Rule 5(g), the parties also agreed to a procedure to be followed when one party wished to challenge the designation of a document as confidential. (See Dkt. No. 29 at 6.)

After Plaintiffs' counsel recognized that one of the named Plaintiffs lacked standing on one of his claims because his number was not registered on the National Do Not Call Registry, Plaintiffs asked the Court for leave to amend the complaint to add an additional plaintiff, Kelly Ott. (See Dkt. No. 56 at 2.) Because the motion was not timely, the Court denied the motion. (Dkt. No. 90.) Within a few weeks, Plaintiffs' counsel then filed a separate action, also against Defendant MIC, in Oregon on behalf of Mr. Ott. See Ott v. Mortg. Investors Corp., No. 14-645 (D. Or. 2014).

Defendant now argues that some of the allegations in the District of Oregon complaint are derived from documents and deposition testimony designated confidential in this action and used without undergoing the agreed procedure in the Protective Order for challenging such designations. (Dkt. No. 150 at 7.) Although Defendant initially complained about a wide variety

ORDER ON MOTION TO ENFORCE
PROTECTIVE ORDER AND FOR AN ORDER TO
SHOW CAUSE WHY PLAINTIFFS' COUNSEL
SHOULD NOT BE HELD IN CONTEMPT- 2

of alleged violations, Defendant now concedes that the allegations concerning MIC's use of an automatic telephone dialing system (ATDS) are available in the public record filed in this case, as is the information regarding the use of MIC's Do Not Call lists in Paragraph 35. (See Ott Compl., Dkt. No. 151-2 at Ex. B, ¶¶ 27, 19, 35.) Plaintiffs' counsel acknowledge that there is no public record source for Paragraphs 43, 46, 55, and 63, and have agreed to remove those facts from the Oregon complaint, but argue they should not be held in contempt because the facts about the number of calls MIC made to their own clients are not properly designated confidential, the violation was merely "technical," and the violation did not undermine the purpose of the protective order. (See Dkt. No. 170 at 11–13.) The Parties continue to dispute whether information exists in the public record for the paragraphs in which individual defendants Mr. Bailey and Mr. Edwards (but not other defendants) are alleged to have directed and participated in unlawful telemarketing practices, trained telemarketers, established MIC policies and practices, and received complaints and do not call requests. (See Dkt. No. 151-2 at Ex. B., ¶¶ 30–33 [Edwards, Bailey], ¶ 34 [Edwards], ¶ 36 [Edwards].)

## Discussion

"Civil contempt [ . . . ] consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). A contempt order is proper where it is shown by clear and convincing evidence that the party violated the court order, beyond substantial compliance, and not based on a good faith and reasonable interpretation of the order. See id.

Here, Plaintiffs' counsel admit they violated the terms of the protective order with respect to the number and dates of MIC calls to the Oregon plaintiffs, but argue that this information

ORDER ON MOTION TO ENFORCE
PROTECTIVE ORDER AND FOR AN ORDER TO
SHOW CAUSE WHY PLAINTIFFS' COUNSEL
SHOULD NOT BE HELD IN CONTEMPT- 3

should not have been designated confidential in the first place, so its violation did not undermine the purpose of the protective order. (See Dkt. No. 170 at 13.) Whether or not Defendant has been testing the limits of information that is properly excluded from the public record on the basis of competitive harm, the Court's Order was clear about the specific procedure to be used when challenging improper designations, and Plaintiffs' counsel chose to disregard that procedure with respect to Paragraphs 43, 46, 55, and 63. A good faith interpretation of the Court's Order (as opposed to the purpose of confidentiality designations in general) is not arguable here. Furthermore, "substantial compliance" is not susceptible to statistical definition, but represents instead the recognition that mistakes are in certain cases excusable where "every reasonable effort has been made to comply." See Dual-Deck, 10 F.3d at 695. That is not the situation here.

As to the allegations about Mr. Bailey and Mr. Edwards, the public domain sources and public records in this case establish grounds for allegations that:

1) Wes Bailey, Chief Corporate Counsel for MIC, received complaints and investigated complaints regarding calls allegedly placed by MIC in order to determine the validity of the complaint. (Dkt. No. 97 at 43–44; Dkt. No. 62-1 at 137–38; id. at 153.)

2) Mr. Bailey started the spreadsheet that became MIC's Do Not Solicit portal in order to respond to consumer complaints. (Dkt. No. 62-1 at 105–04.)

3) Mr. Bailey can query the Do Not Solicit portal and believes it contains about 30,000 entries. (Id. at 107–08.)

4) Mr. Edwards, (former) Chief Executive of MIC, wrote the script for and coordinated incentives to motivate MIC telemarketers. (Katherine Snow Smith, Financier and philanthropist Bill Edwards amps up entertainment empire, Tampa Bay Times [April 18, 2011], Dkt. No. 171 at 134, 137.)

ORDER ON MOTION TO ENFORCE
PROTECTIVE ORDER AND FOR AN ORDER TO
SHOW CAUSE WHY PLAINTIFFS' COUNSEL
SHOULD NOT BE HELD IN CONTEMPT- 4

There is, in addition, a reference in a de-designated deposition transcript to Mr. Edwards being copied on an email, but without the context, no further allegations can be drawn from it. (See Crilley Dep., Dkt. No. 111 at 33.)

Many of the allegations in Paragraphs 30–34 and 36 are boilerplate assertions about the authority of persons who clearly held positions of responsibility in MIC. The exceptions are 1) the allegation that "Defendant Edwards personally trained those who were responsible for training Defendant MIC's telemarketers" (Dkt. No. 151-2 at Ex. B., ¶ 33); 2) the allegation that "Defendant Edwards also personally received numerous complaints from consumers who expressed directly to him their requests that MIC stop calling." (Id. at ¶ 34); (3) the allegation that "Defendant[ ] Edwards [ . . . ] personally received numerous emails concerning requests to stop the calls by members of the Internal Do-Not-Call Class but, undaunted, Defendant[ ] Edwards nonetheless continued to cause Defendant MIC to make telemarketing calls with its Do-Not-Call lists disabled." There is no support for these assertions in the public record, and Defendant has pointed to specific pages in Mr. Edwards' confidential deposition transcript where similar admissions may be found. As in the Plaintiffs' calls category, no argument for a good faith interpretation of the Protective Order nor substantial compliance can be made with respect to these facts, which were clearly derived from material that had been designated confidential by Defendant.

Plaintiffs' counsel are thus properly held in contempt. Damages must be limited to Defendant's actual loss for injuries resulting from the noncompliance. Dual Deck, 10 F.3d at 695 (citing In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1366–67 (9th Cir. 1987)). Plaintiffs' counsel are thus ordered to pay Defendant's attorneys' fees for the prosecution of this Motion. The Court declines to enter any specific order relating to Plaintiffs' prosecution of the

ORDER ON MOTION TO ENFORCE
PROTECTIVE ORDER AND FOR AN ORDER TO
SHOW CAUSE WHY PLAINTIFFS' COUNSEL
SHOULD NOT BE HELD IN CONTEMPT- 5

Oregon action or related attorneys' fees, but trusts that Court to take whatever action it deems appropriate.

## Conclusion

Because Plaintiffs' counsel by clear and convincing evidence violated the Protective Order by using confidential information from this litigation it the Oregon action and have no defense of substantial compliance or good faith and reasonable interpretation of the Order, Plaintiffs' counsel is HELD in contempt and ORDERED to pay attorney's fees for the prosecution of this Motion. Plaintiffs are further ORDERED to comply with the terms of the Protective Order going forward, including Section 8's instructions regarding unauthorized disclosure of confidential information. Defense counsel shall file a proposed order along with affidavits outlining their reasonable attorney's fees and costs within 10 days of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 3rd day of September, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER ON MOTION TO ENFORCE
PROTECTIVE ORDER AND FOR AN ORDER TO
SHOW CAUSE WHY PLAINTIFFS' COUNSEL
SHOULD NOT BE HELD IN CONTEMPT- 6